El Dorado Oil Works, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 102247, 102248. Promulgated April 21, 1942.

*Richard P. Norton, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

996

OPINION.

KERN: Petitioner, with its main office at San Francisco, had a purchasing department at Manila through which it bought copra. The Manila agents bought from many small traders in the South Seas, but in later years mainly from those in the Philippine Islands, and at varying prices. The petitioner would name a certain price and send the Manila agency cash advances sufficient to meet purchases made at this price. The agent would buy at a price around that

named, sometimes above but more often below. The named price, in short, was only a norm, and the petitioner's advances did not therefore conform, except in a general way, with the cost prices paid. But the named price was treated as cost on petitioner's books and in its income tax returns. The result was that for all the years from 1932 to 1937, inclusive, except 1936, the cost of copra was determined by petitioner at a higher figure than actual cost, and the resulting profits on petitioner's sales were reported proportionately lower in its returns.

Respondent did not know what the actual situation was until 1936, when the petitioner transferred $30,000 from its account called "Manila Reserves" to its San Francisco surplus account. Petitioner's method then transpired. On the other hand, petitioner knew what its actual costs were for the preceding calendar year before it had to file its return on March 15. Notwithstanding this fact, it made no effort to make a correct return when originally filed, to make an amended return, or to show actual cost for the preceding year when it filed its return for the next succeeding year. The statute of limitations has now run for all years before 1936.

In Docket No. 102247 respondent determined a deficiency in petitioner's income and excess profits taxes for the year 1937 by reason of petitioner's understatement of income arising from its overstatement of the cost of goods sold by $11,811.92. At the hearing herein petitioner conceded this overstatement and has filed no brief under this docket number. We decide this issue in favor of respondent.

However, in Docket No. 102248, which involves the deficiency determined for the year 1936, in which there was an understatement of the cost of goods sold, petitioner earnestly urges error on the part of respondent in treating as income for that year the amount shown on petitioner's books as the balance in the "Manila Reserve" account, which represented the accumulation of overstatements of the cost of goods sold in the years 1932 to 1935, inclusive.

Respondent argues that the situation is analogous to those cases in which a reserve has been set up for certain liabilities and, the liabilities proving less than expected, the balance is then credited to profit and loss; citing *Charleston Railway* v. *Burnet*, 50 Fed. (2d) 342 (App. D. C.), affirming 17 B. T. A. 569; *Chicago Railway* v. *Commissioner*, 47 Fed. (2d) 990 (C. C. A., 7th Cir.), affirming 13 B. T. A. 988; *Northwestern States Portland Cement Co.* v. *Huston*, —— Fed Supp. —— (Jan. 16, 1941); and that the reserves may be added to income by the Commissioner although not transferred to profit and loss by the taxpayer, citing *North American Coal Corporation* v. *Commissioner*, 97 Fed. (2d) 325 (C. C. A., 6th Cir.); *Boston Consolidated Gas Co.*, 44 B. T. A. 793.

The difficulty with respondent's contention is that the sums in question were not reserves in any sense and were not even analogous to reserves. In all of the cases cited by respondent there was some obligation either existent or contingent for the satisfaction of which sums were set aside either actually or by bookkeeping entries. In the instant proceeding there was no obligation of any kind on the part of petitioner on account of which or for the satisfaction of which this so-called "Manila Reserve" account was set up. The account merely represented accumulations of the excess of sums forwarded to petitioner's purchasing agents over the sums actually expended for the purchase of copra. This excess belonged absolutely to petitioner and at no time was it set aside for the payment of any obligation actual or contingent. Even if it could be considered as a reserve it would be a reserve of a kind not recognized as a proper deduction from income and thus it would have to be restored to petitioner's income in the year or years when made. *Peabody Coal Co.*, 18 B. T. A. 1081, 1091; affd., 55 Fed. (2d) 7 (C. C. A., 7th Cir.) ; *Creamette Co.*, 37 B. T. A. 216. See *Northwestern States Portland Cement Co.* v. *Huston*, 126 Fed. (2d) 196 (C. C. A., 8th Cir., Mar. 12, 1942).

On the facts shown we can see no way in which the amount of the overstatements of goods sold in prior years can be considered as income of petitioner in 1936.

The respondent makes a further argument in his brief on the subject of estoppel. The petitioner made representations of fact in its income tax return which were false, were known by the petitioner to be false, and were relied upon by the respondent in allowing deductions which would not otherwise have been allowed. It is immaterial that the petitioner may not have intended to mislead the respondent. The latter had no duty in unsuspicious circumstances to go beyond the returns to the books of the petitioner. *Lofquist Realty Co.* v. *Commissioner*, 102 Fed. (2d) 945. However, there must be more than this to support an estoppel. An estoppel means that a party is estopped to deny as a fact a state of things which he has led another party to believe to be true. The estoppel must be specifically pleaded. *Bamberg Cotton Mills Co.*, 8 B. T. A. 1236, 1244; *Tide Water Oil Co.*, 29 B. T. A. 1208, 1221. The petitioner misled the Commissioner into believing that certain sums were a part of cost of goods sold in prior years, but obviously it does the respondent no good to estop the petitioner to deny that the amounts were cost of goods sold, if the estoppel proceeds no further. The respondent filed an amended answer in which he makes reference to the fact that the cost of goods sold was overstated and too large deductions were taken in prior years, all of which was known to the petitioner and misled the Commissioner. But that is as far as his allegations go, and even in his brief he does

not point out precisely what it is that the petitioner is estopped to deny which will result in some amount being income for 1936. An estoppel must be definite and certain and not vague and uncertain. Thirty thousand dollars was transferred at the end of 1936 from an account known as the "Manila Reserve" to the surplus account of the petitioner. But that transfer created no income. The respondent has failed to point out wherein there is any estoppel in connection with those transfers or where, in connection with the entire case, there is any estoppel which would make the $30,000 income. Since the estoppel was not pleaded and is not even demonstrated, we are unable to consider that there is any issue of estoppel in the case or if there is such an issue, that it may be decided to the respondent's advantage.

With regard to the deficiency determined for the year 1936 our decision is in favor of petitioner.

*In Docket No. 102247 decision will be entered for respondent. In Docket No. 102248 decision will be entered for petitioner.*